# COURT OF CHANCERY
## OF THE
## STATE OF DELAWARE

BONNIE W. DAVID
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DE 19947

Date Submitted: February 14, 2025
Date Decided: February 24, 2025

Dean A. Campbell, Esq.
Law Office of Dean A. Campbell, PA
703 Chestnut Street
Milton, DE 19968

Amit U. Vyas, Esq.
Hudson, Jones, Jaywork & Fisher, LLC
225 S. State Street
Dover, DE 19901

RE: *Edward Scot Husbands v. Dwight Alexander Hamilton, et al.*,
C.A. No. 2023-1134-BWD

Dear Counsel:

This letter opinion denies Plaintiff's Motion for Partial Summary Judgment (the "Motion").

This action concerns an alleged contract memorialized in text messages, under which plaintiff Edward Scot Husbands ("Plaintiff") agreed to transfer real property in Milton, Delaware (the "Property") to his longtime friend, Dwight Alexander Hamilton, and Hamilton's spouse, Shirley Zebovitz (together, "Defendants"), in exchange for $130,000 to satisfy a mortgage and an additional $200,000 upon a future sale of the Property. Am. Compl. Seeking Imposition of Equitable Trust for Breach of Fiduciary Duty [hereinafter Compl.] ¶¶ 1–4, 11–12, 14, Dkt. 6.

Plaintiff's Amended Complaint Seeking Imposition of Equitable Trust for Breach of Fiduciary Duty (the "Complaint") alleges that Plaintiff was awarded the Property as part of a divorce proceeding.  *Id.* ¶ 7.  At the time, the Property was encumbered by a mortgage with a balance of approximately $130,000.  *Id.* ¶ 6. Hamilton advised Plaintiff to either "refinanc[e] [the Property] in reliance on [Defendants'] credit" or sell the Property to Defendants at a price sufficient to pay off the mortgage, with Defendants holding Plaintiff's equity in the Property in trust until a later date.  *Id.* ¶¶ 8–11.  The parties ultimately decided on the second path, agreeing in a November 2020 text message exchange (the "Text Agreement") that "[Defendants would] buy the [Property] as an investment property.  [Plaintiff] would pay the rent and utilities.  . . .  [And] 2–3 years down the road [Defendants] would sell the [Property] and [Defendants] would make sure [Plaintiff] received $200K . . . ."  *Id.* ¶¶ 10, 12.

In January 2021, Plaintiff and Defendants executed a Contract of Purchase and Sale (the "Sales Agreement"), under which Plaintiff agreed to sell, and Defendants agreed to purchase, the Property for $130,000.  *Id.* ¶¶ 14–15.  After closing, Defendants leased the Property back to Plaintiff, who continued to reside at the Property, paying rent and utilities.  *Id.* ¶ 16.

In November 2023, Plaintiff initiated this action, alleging that Defendants had listed the Property for sale and planned to repudiate the Text Agreement. *Id.* ¶¶ 17–18. The Complaint alleges counts for breach of fiduciary duty, constructive fraud, breach of contract, aiding and abetting a breach of fiduciary duty, and imposition of an equitable trust. *Id.* ¶¶ 22–50. Defendants sold the Property on January 5, 2024.

Plaintiff has moved for partial summary judgment on his breach of contract claim. *See* Pl.'s Opening Br. on Mot. for Partial Summ. J. [hereinafter OB], Dkt. 14. A two-day trial is scheduled to begin on June 23, 2025.

"[T]here is no absolute right to summary judgment, and it is within the discretion of the presiding judicial officer to require a developed record before rendering a decision on the merits." *Gerald N. & Myrna M. Smernoff Rev. Trs. v. King's Grant Condo. Ass'n.*, 2022 WL 6331860, at *1 (Del. Ch. Oct. 10, 2022) (footnote omitted). "Even where the facts are not in dispute, a court may decline to grant summary judgment where a more thorough exploration of the facts is needed to properly apply the law to the circumstances." *In re Tri-Star Pictures, Inc., Litig.*, 1995 WL 106520, at *5 (Del. Ch. Mar. 9, 1995); *see also In re El Paso Pipeline P'rs, L.P. Deriv. Litig.*, 2014 WL 2768782, at *9 (Del. Ch. June 12, 2014) ("[T]he court may, in its discretion, deny summary judgment if it decides upon a preliminary

examination of the facts presented that it is desirable to inquire into and develop the facts more thoroughly at trial in order to clarify the law or its application.").

In support of the Motion, Plaintiff argues that "Defendants breached the [Text Agreement] by failing to pay Husbands $200,000.00 when they sold the . . . Property." OB at 11. Defendants respond that the Motion implicates material issues of fact, including, among others, whether the parties intended the Sales Agreement to supersede the Text Agreement; whether "subsequent dealings between the part[ies] modified, superseded, and/or terminated" the Text Agreement; and whether Plaintiff failed to disclose material defects in the Property that necessitated costly repairs. *See* Resp'ts' Opening Br. in Supp. of Resp'ts' Mot. to Dismiss and Resp'ts' Answering Br. to Pet'r's Mot. for Partial Summ. J. at 22–28, Dkt. 22.[1]

---

[1] The existence of a fiduciary relationship also raises a material issue of fact. *See, e.g.*, *Malca v. Rappi, Inc.*, 2021 WL 2044268, at \*6 (Del. Ch. May 20, 2021) (noting that an agency relationship can give rise to fiduciary duties and "[t]he determination of whether an agency relationship exists is normally a question of fact" (alteration in original) (quoting *WaveDivision Hldgs., LLC v. Highland Cap. Mgmt., L.P.*, 49 A.3d 1168, 1177 (Del. 2012))); *Meyer Ventures, Inc. v. Barnak*, 1990 WL 172648, at \*4 n.5 (Del. Ch. Nov. 2, 1990) (concluding that "since it is a question of fact, it is inappropriate for this court to assume, *sua sponte*, on a motion for summary judgment that a fiduciary relationship, in fact, existed"); *White v. Lamborn*, 1977 WL 9612, at \*4 (Del. Ch. Mar. 15, 1977) (explaining that "the question of whether or not the particular relationship is of such a confidential and dependent nature as to rise to fiduciary status is one of fact"). Although Defendants contend that the Complaint fails to allege facts giving rise to an inference of a fiduciary relationship, they have not moved to dismiss the Complaint. Instead, they answered the Complaint. *See* Dkt. 9.

After careful review of the parties' briefing, I have concluded that the Motion raises fact questions that will be resolved most efficiently after trial, which, regardless of the outcome of the Motion, is necessary to resolve the remaining four counts. Accordingly, the Motion is DENIED.

Sincerely,

*/s/ Bonnie W. David*

Bonnie W. David
Vice Chancellor

cc:    All counsel of record (by File & ServeXpress)